IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ABDUL-AZIZ RASHID MUHAMMAD,

        Plaintiff,

v.                                                                    Civil Action No. 1:14cv88
                                                                                (Judge Keeley)

DANE HEADY, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

Plaintiff initiated this *pro se* civil action on May 27, 2014, by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation.[1] In the complaint, Plaintiff names twenty-seven Defendants, all of whom are current or former employees at FCI Gilmer. The complaint is fifty pages long and includes an additional thirty pages of exhibits.[2] Plaintiff alleges numerous instances of retaliation as well as excessive force and denial of medical care in violation of his First and Eighth Amendment rights. All of the events complained of appear to have occurred between September 13, 2011, and November of 2012. For relief, Plaintiff seeks compensatory and punitive damages in addition to declaratory relief. Plaintiff has filed a Motion to Proceed without Prepayment of Fees. ECF No. 3.[3]

After the enactment of the Prison Litigation and Reform Act (PLRA) of 1996, the following subsection was added to 28 U.S.C. § 1915:

---

[1] 403 U.S. 388 (1971).

[2] As originally filed, the complaint was 328 pages long and had attached to it 345 pages of medical records and miscellaneous forms and 319 pages of administrative remedies, totaling 992 pages. ECF No. 1. Plaintiff's Motion to Exceed Page Limitation [ECF No. 2] was denied, and he was directed to re-file his Bivens complaint utilizing the form complaint to which he was permitted to attach ten additional pages. In addition, he was advised that he need not reattach the 319 pages of administrative grievances, but instead, could simply identify the Administrative Remedy ID No. for each claim he believed had been exhausted and the date the claim was exhausted. ECF No. 15. On December 22, 2014, Plaintiff filed a Motion for Reconsideration of Page Limitation to which he attached a fifty page complaint with thirty pages of exhibits. ECF No. 17. On December 23, 2014, the motion was granted [[ECF No. 18], and Plaintiff's complaint and attachments were ordered filed. ECF No. 19.

[3] The undersigned granted that motion on June 12, 2014, without realizing that Plaintiff had accumulated the strikes identified in this Report and Recommendation.

> (g) In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has quite an extensive litigation history, having filed at least forty-one cases in the federal court system. The undersigned's review of PACER, the nationwide database maintained by the federal courts, indicates that at least four of the Plaintiff's prior civil cases or appeals qualify as strikes under this provision. See Muhammad v. Scott, 1:98-CV-2432-CAM (N.D. Ga. May 26, 1999) (dismissing pursuant to 28 U.S.C. § 1915A); Muhammad v. Scott, 99-12078 (Eleventh Circuit Court of Appeals March 27, 2000) (finding appeal frivolous and denying leave to proceed); Muhammad v. Lappin, 2:07-cv-00018-JPB-JSK (dismissing with prejudice based on 28 U.S.C. § 1915A); Muhammad v. United States, 5:11-ct-03126-FL (E.D.N.C. Sept. 10, 2012) (granting defendant's motion to dismiss pursuant to 12(b)(6)). Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

Here, Plaintiff complains of events that occurred at FCI Gilmer. However, when he filed his complaint, he was no longer housed at FCI Gilmer, but rather was at FCI Petersburg where he remains incarcerated. Accordingly, Plaintiff cannot demonstrate that he is in "imminent danger of serious physical injury" from any of the named defendants. Moreover, even if Plaintiff were still housed at FCI Gilmore, his conclusory allegations regarding his "treatment" at that facility would not overcome the three strike bar.

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g). See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when the prisoner in not entitled to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915. The prisoner cannot simply pay the filing fee after being denied *in forma pauperis*

status. He must pay the filing fee at the time he **initiates** the suit.") (emphasis in original).

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied,</u> 467 U.S. 1208 (1984).

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to her last known address as shown on the docket.

DATED: January 8, 2016.

*/s Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE