```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ABDUL-AZIZ RASHID MUHAMMAD,**

    **Plaintiff,**

**v.**                  **//**        **CIVIL ACTION NO. 1:14CV88**
                                             **(Judge Keeley)**

**DANE HEADY, ET AL.,**

    **Defendants.**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

On May 27, 2014, the pro se plaintiff, Abdul-Aziz Rashid Muhammad ("Muhammad"), filed a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Investigation, 403 U.S. 388 (1971). (dkt. no. 1). In his complaint, he seeks compensatory and punitive damages for numerous alleged instances of retaliation, excessive force, and denial of medical care in violation of his rights under the First and Eighth Amendment. The Court referred the complaint to United States Magistrate Judge Robert W. Trumble for initial screening and a Report and Recommendation ("R&R") in accordance with LR PL P 2.

On June 12, 2014, Magistrate Judge Trumble granted Muhammad's request to proceed in forma pauperis, and ordered him to pay an initial filing fee of $17.66, to be followed by subsequent partial payments based on a percentage of his inmate trust account until such time as the filing fee of $350 was paid in full (dkt. no. 12). Muhammad paid the initial fee of $17.66 but submitted no further

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

payments. Thereafter, while researching his claims, Magistrate Judge Trumble became aware that Muhammad was barred by the three strikes rule of 28 U.S.C. § 1915(g) from filing any civil action in forma pauperis unless he first can show that he is "under imminent danger of serious physical injury."[1]

On January 8, 2016, Magistrate Judge Trumble entered an order vacating his previous order granting Muhammad in forma pauperis status and crediting his initial fee of $17.66 to his outstanding appellate fees in 2:07-cv-18 (dkt. no. 25). That same day, he issued his R&R, in which he recommended that the Court dismiss without prejudice Muhammad's complaint for failure to pay the required filing fees (dkt. no. 26). Specifically, the R&R concluded that Muhammad was a serial litigator, having filed no less than forty-one cases in federal court, at least four of which qualify as strikes under 28 U.S.C. § 1915(g). Id. at 2. Furthermore, it concluded that

---

[1] The in forma pauperis statute, 28 U.S.C. § 1915(g), provides that:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**MUHAMMAD V. HEADY, ET AL.**                                    **1:14CV88**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

Muhammad could not demonstrate the required imminent danger of serious physical injury from the defendants because he was no longer housed at FCI Gilmer. Id.

The R&R also specifically warned Muhammad that his failure to object to the recommendation would result in the waiver of any appellate rights he might otherwise have on this issue. Id. at 3. On January 25, 2016, Muhammad filed his objections (dkt. no. 29), followed by a supplemental objection on September 9, 2016 (dkt. no. 33). In addition, Muhammad filed a "Motion for Appointment of Counsel and Expert Witness Pursuant to Fed. R. Evid. 706" (dkt. no. 30).

### STANDARD

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made . . . and the Court may adopt, without explanation, any of the magistrate judge's recommendations to which the prisoner does not object." Dellacirprete V Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D. W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir.1983)).

Vague objections to an R&R distract a district court from "focusing on disputed issues" and defeat the purpose of an initial

**MUHAMMAD V. HEADY, ET AL.**                                     **1:14CV88**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

screening by the magistrate judge. McPherson, 605 F. Supp.2d at 749 (citing Howard's Yellow Cabs, Inc. v. United States, 987 F.Supp. 469, 474 (W.D.N.C. 1997)). Further, failure to raise "any specific error of the magistrate's review" waives the claimant's right to a de novo review. Id. (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). Likewise, "general and conclusory" objections to the magistrate's R&R do not warrant a de novo review by the District Court. Id. (citing Howard's Yellow Cabs, 987 F.Supp. at 474); see also Green v. Rubenstein, 644 F.Supp.2d 723 (S.D.W.Va. 2009).

**DISCUSSION**

Muhammad objects to the R&R's conclusion that he is subject to the three strikes rule. He does not dispute that he has had three or more suits dismissed as "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). Rather, he contends that he is excused from the three strikes rule because he is "under imminent danger of serious physical injury." Id.

Magistrate Judge Trumble clearly addressed whether Muhammad was under imminent danger of serious physical injury, noting that Muhammad's allegations of excessive force and denial of medical care all came at the hands of employees at FCI Gilmer (dkt. no. 26 at 1).

**MUHAMMAD V. HEADY, ET AL.**                                              **1:14CV88**

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

As Muhammad is no longer an inmate at FCI Gilmer,[2] the R&R concluded he could no longer be under imminent danger of serious physical injury from the defendants. Id. at 2.

Muhammad does not argue that the R&R misapplied or somehow misinterpreted the law; he simply does not like the outcome. His chief complaint is that the BOP moves him from facility to facility to "evade" review of his medical claims (dkt. no. 29 at 1). He conflates the reason he is still subject to the three strike rule. Although relocating Muhammad from one district to another would remove any imminent danger from employees of a particular facility, his relocation would not extinguish his claims.[3] On the contrary, his removal from any imminent danger as a result of his relocation simply means that he cannot avoid the three strike rule's prohibition from proceeding in forma pauperis. It is evident that Muhammad wishes to continue to file multiple lawsuits, often

---

[2]At the time Muhammad filed his complaint, he was housed at FCI Petersburg and, as of this date, that is where he is still housed. Thus, despite his claims that he is constantly being moved by the BOP, Muhammad has been at FCI Petersburg for at least two-and-a-half years.

[3]Indeed, Muhammad's notes in his objections that he currently has a suit pending at FCI Terra Haute for failure to treat the same medical problems at issue here — a suit that is presumptively proceeding because he has paid the requisite filing fees.

**MUHAMMAD V. HEADY, ET AL.** 1:14CV88

**ORDER ADOPTING REPORT AND RECOMMENDATIONS [26],
OVERRULING OBJECTIONS [DKT. NOS. 29 AND 33], DISMISSING
CASE WITHOUT PREJUDICE, AND DENYING AS MOOT MOTION
TO APPOINT COUNSEL AND FOR EXPERT WITNESS [DKT. NO. 30]**

covering the same claims, without complying with the law concerning in forma pauperis status. In point of fact, Muhammad's complains in his objections that he is currently being "subjected" to pay for no less than five current lawsuits. Id. at 3.

Accordingly, because Muhammad presents no "specific error of the magistrate's review," McPherson, 605 F. Supp.2d at 749, and because the R&R contains no clear error, the Court **ADOPTS** the R&R in its entirety (dkt. no. 26), **OVERRULES** Muhammad's objections (dkt. no. 29 and 33), and **DISMISSES** his complaint without prejudice (dkt. no. 1). Consequently, the Court **DENIES as MOOT** Muhammad motion to appoint counsel and for an expert witness (dkt. no. 30). It is so **ORDERED.**

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk of Court to enter a separate judgment order and to transmit copies of this order to counsel of record and to the pro se plaintiff, certified mail, return receipt requested.

DATED: December 1, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE